## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAVIENE NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ), | |
| v. | ) | No.   18-cv-6295 |
| | ) | |
| WALMART, INC., d/b/a SAM'S CLUB and | ) | |
| THE HOME CITY ICE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

NOW COMES Defendant, SAM'S WEST, INC., incorrectly sued as Wal-Mart, Inc., d/b/a Sam's Club, ("SAM'S WEST") by and through its attorneys, James P. Balog and Lucas Sun of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1.  The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2.  Both at the time of the commencement of the State Court action and at the present time, Defendant, SAM'S WEST, is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit A). A corporation has a single principal place of business where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, SAM'S WEST was and remains a citizen of Delaware and Arkansas.

3.  Similarly, Defendant, THE HOME CITY ICE COMPANY ("Home City Ice") is an Ohio corporation whose executive headquarters are located in Cincinnati, Ohio. As such at all relevant

times, Home City Ice was and remains a citizen of Ohio. (See Exhibit B, Ohio Corporation Search Result).

4. At all times relevant, Plaintiff was and remains a citizen of Illinois. (See Group Exhibit C, Medical bills showing Plaintiff's Chicago home address).

5. This matter arises out of an alleged fall incident, which occurred on August 13, 2016, at the Sam's Club located at 9400 S. Western Avenue, Evergreen Park, Cook County, Illinois.

6. Plaintiff, JAVIENE NICHOLS, filed a Complaint in the Cook County Circuit Court on August 1, 2018, styled JAVIENE NICHOLS v. WAL-MART INC., d/b/a SAM'S CLUB and THE HOME CITY ICE COMPANY, bearing Cook County, Illinois, Case No. 2018 M5 005964. (See Exhibit D).

7. Where a case is not removable by review of the initial pleadings, SAM'S WEST has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. SAM'S WEST first received Plaintiff's Complaint when it was served with process on August 22, 2018. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit D).

9. Defendant is aware of a procedure that Plaintiff claims to have undergone on or about May 24, 2017 with charges totaling $58,377.65. In addition, Defendant is aware of another procedure on or about June 7, 2017 with charges totaling $36,078.21. (See Group Exhibit C, Bills from APM Surgical Group).

10. As such, Defendant is already aware of at least $94,455 in medical damages claimed by Plaintiff.

11. As such, SAM'S WEST has properly filed its Notice of Removal within the applicable thirty-day time frame, as until August 22, 2018, SAM'S WEST had no notice of a lawsuit or that it exceeded the jurisdictional amount necessary to trigger removal.

12. With the first notice that a lawsuit was filed and the amount in controversy exceeded $75,000 occurring on or about August 22, 2018, Defendant filed its original Notice within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

10. Defendant hereby files its Notice of Removal and as required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiffs' counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

11. By removing this action, Defendant does not waive any defenses available to it.

12. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

13. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, SAM'S WEST, INC., incorrectly sued as Wal-Mart, Inc., d/b/a Sam's Club, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: September 14, 2018

Respectfully submitted,
O'HAGAN MEYER LLC

By: /s/Lucas Sun
One of the Attorneys for Defendant,
Sam's West, Inc.


James P. Balog, Esq.
Lucas Sun, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com